DAUKSCH, Judge.
Appellant, N.M.R., timely appeals a ninety-day sentence for indirect criminal contempt. This case arose when appellee, state, charged appellant, born on September 2, *146 1978, in a petition for delinquency with accessory after the fact. The trial court committed appellant to a restrictiveness level two for the offense. On April 22, 1997, appellee filed a petition for order to show cause why appellant, then age eighteen, should not be held in contempt for failing to complete the court-ordered sanctions and for failing to comply with the community control officers’ orders. The Department of Juvenile Justice prepared a proposed order of unsuccessful termination of supervision stating
whereas it now appears to the court that during this period of supervision the youth has not satisfactorily met the requirements set forth by the court, nor abided by the rules and guidelines of the department of juvenile justice (DJJ) commitment program, however due to the child’s age and inappropriateness of this placement, is no longer in need of DJJ supervision: ....
Attached to the proposed order is a notation by DEG, presumably the trial court, Donald Grincewiez, which says, “DJJ [Department of Juvenile Justice] needs to Is a Show Cause— I’ll not ‘go along with’ rewarding kids for violating ct Orders.”
The trial court entered an order to show cause why appellant should not be held in contempt for failing to abide by its order. Appellee filed a motion for rule to show cause why appellant should not be held in contempt for failing to complete the court-ordered placement and for failing to comply with her level two placement. The court entered an order to show cause after which appellant entered a not guilty plea. It then entered an order on contempt of court and thereafter denied appellant’s motion to dismiss the order.
Following a hearing, at which defense counsel argued that appellant should not be sentenced to an inearcerative term because she was a juvenile, the trial court entered an order of indirect criminal contempt for appellant’s
failing to successfully complete level two commitment program and failing to complete community service, not living at home, not keeping in contact with DJJ coworker, not attending parenting classes, not attending school, not attending SIG group.
The court adjudged appellant to be in contempt of court and sentenced her to a term of ninety days in the county jail on the ground that she was an adult.
Appellant contends on appeal and appellee agrees that the trial court erred by sentencing her to ninety days in jail for indirect criminal contempt because there is no statutory authority to sentence a juvenile to jail for contempt. She relies upon section 39.0145, Florida Statutes (1995) in which the statutory juvenile sanctions for direct and indirect criminal contempt are set forth as follows:
39.0145 Punishment for contempt of court; alternative sanctions.—
(1) CONTEMPT OF COURT; LEGISLATIVE INTENT.
The court may punish any child for contempt for interfering with the court or with court administration, or for violating any provision of this chapter or order of the court relative thereto. It is the intent of the Legislature that the court restrict and limit the use of contempt powers with respect to commitment of a child to a secure facility. A child who commits direct contempt of court or indirect contempt of a valid court order may be taken into custody and ordered to serve an alternative sanction or placed in a secure facility, as authorized in this section, by order of the court.
(2) PLACEMENT IN A SECURE FACILITY. — A child may be placed in a secure facility for purposes of punishment for contempt of court if alternative sanctions are unavailable or inappropriate, or if the child has already been ordered to serve an alternative sanction but failed to comply with the sanction.
(a) A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility for 5 days for a first offense or 15 days for a second or subsequent offense, or in a secure residential commitment facility.
(b) A child in need of services who has been held in direct contempt or indirect contempt may be placed, for 5 days for a *147 first offense or 15 days for a second or subsequent offense, in a staff-secure shelter or a staff-secure residential facility solely for children in need of services if such placement is available, or, if such placement is not available, the child may be placed in an appropriate mental health facility or substance abuse facility for assessment.
(3) ALTERNATIVE SANCTIONS.— Each judicial circuit shall have an alternative sanctions coordinator who shall serve under the chief administrative judge of the juvenile division of the circuit court, and who shall coordinate and maintain a spectrum of contempt sanction alternatives in conjunction with the circuit plan implemented in accordance with s. 790.22(4)(c). Upon determining that a child has committed direct contempt of court or indirect contempt of a valid court order, the court may immediately request the alternative sanctions coordinator to recommend the most appropriate available alternative sanction and shall order the child to perform up to 50 hours of community-service manual labor or a similar alternative sanction, unless an alternative sanction is unavailable or inappropriate, or unless the child has failed to comply with a prior alternative sanction. Alternative contempt sanctions may be provided by local industry or by any nonprofit organization or any public or private business or service entity that has entered into a contract with the Department of Juvenile Justice to act as an agent of the state to provide voluntary supervision of children on behalf of the state in exchange for the manual labor of children and limited immunity in accordance with s. 768.28(11).
CONTEMPT OF COURT SANCTIONS; PROCEDURE AND DUE PROCESS.—
(a) If a child is charged with direct contempt of court, including traffic court, the court may impose an authorized sanction immediately. ’
(b) If a child is charged with indirect contempt of court, the court must hold a hearing within 24 hours to determine whether the child committed indirect contempt of a valid court order. At the hearing, the following due process rights must be provided to the child:
1. Right to a copy of the order to show cause alleging facts supporting the contempt charge.
2. Right to an explanation of the nature and the consequences of the proceedings.
3. Right to legal counsel and the right to have legal counsel appointed by the court if the juvenile is indigent, pursuant to s. 39.0041.
4. Right to confront witnesses.
5. Right to present witnesses.
6. Right to have a transcript or record of the proceeding.
7. Right to appeal to an appropriate court.
The child’s parent or guardian may address the court regarding the due process rights of the child. The court shall review the placement of the child every 72 hours to determine whether it is appropriate for the child to remain in the facility.
(c)The court may not order that a child be placed in a secure facility for punishment for contempt unless the court determines that an alternative sanction is inappropriate or unavailable or that the child was initially ordered to an alternative sanction and did not comply with the alternative sanction. The court is encouraged to order a child to perform community service, up to the maximum number of hours, where appropriate before ordering that the child be placed in a secure facility as punishment for contempt of court.
(5) ALTERNATIVE SANCTIONS COORDINATOR. — Effective July 1, 1995, there is created the position of alternative sanctions coordinator within each judicial circuit, pursuant to subsection (3). Each alternative sanctions coordinator shall serve under the direction of the chief administrative judge of the juvenile division as directed by the chief judge of the circuit. The alternative sanctions coordinator shall act as the liaison between the judiciary and county juvenile justice councils, the local department officials, district school board employees, and local law enforce *148 ment agencies. The alternative sanctions coordinator shall coordinate within the circuit community-based alternative sanctions, including nonsecure detention programs, community service projects, and other juvenile sanctions, in conjunction with the circuit plan implemented in accordance with s. 790.22(4)(c).
The legislature has, in great detail, addressed the issue of juvenile contempt sanctions in section 39.0145. The statute does not provide for jail as an alternative sanction. Because appellant was under the jurisdiction of the juvenile court, we conclude that the trial court erred by sentencing her as an adult for violation of a court order imposed while she was under the age of eighteen.[1]
In A.A. v. Rolle, 604 So.2d 813 (Fla.1992), the supreme court held that a juvenile could not be punished for contempt by being placed in a secure detention facility.[2] In that case, the court acknowledged that it is within the legislature’s province to “determine how and to what extent the courts may punish criminal conduct, including contempt” reasoning:
... Thus, although it has been recognized that courts have both an inherent and a statutory power to make a finding of contempt, ... the sanctions to be used by the courts in punishing contempt may properly be limited by statute....
Id. at 815. The court found that to impose a penalty for contempt not provided for by legislative mandate was directly violative of the legislature’s purposes in enacting chapter 39.
Similarly, the Second District Court of Appeal has held that it was error to sentence a juvenile to county jail as punishment for contempt when the statute under which the juvenile was sentenced specifically prohibited his or her placement in jail or other facilities intended for adults. L.M. v. State, 592 So.2d 1210 (Fla. 2d DCA 1992). See N.T. v. State, 597 So.2d 919 (Fla. 2d DCA 1992).
REVERSED.
HARRIS, J., concurs.
GRIFFIN, C.J., concurs in result only.

. The result in this case might be different if the trial court had transferred appellant to the adult division. See B.M. v. State, 523 So.2d 1185 (Fla. 2d DCA 1988).

. Section 984.09(2)(b), Florida Statutes (1997) now provides that a juvenile who is in direct or indirect contempt may be placed in a physically secure facility as set forth in section 984.226, assuming eligibility conditions are met. See G.S. v. State, 709 So.2d 122 (Fla. 5th DCA 1998).